*Members*
Darren Aronow † €ʊ □
_____
*Associates*
Hanin Shadood †
Daniel McCarthy †

*Of Counsel*
Brian Flick ○



# Aronow Law P.C.

20 Crossways Park Drive North, Suite 210
Woodbury, New York 11797
Tel- 516 762 6700 Fax 516 342-5365

*Admitted In*:
New York †
New Jersey €
Ohio ○
Illinois ◊
Pennsylvania □
Virginia ʊ

October 16, 2017

U.S. District Court Judge Joan M. Azrack
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

       Re:  Kimelman v. PHH Mortgage Corporation
       Case No.: 17-cv-3977 (JMA) (SIL)

Dear Judge Azrack:

  I represent, Plaintiff, Sandra M. Kimelman, in the above-referenced action, a case sounding in various RESPA violations against PHH Mortgage Corporation. Please allow this to serve as a request for a pre-motion conference pursuant to Individual Rule IV B. to request permission to file a motion to for a default judgment pursuant to Fed. R. Civ. P. 55 for Defendant's failure to serve an Answer to Plaintiff's complaint within thirty (30) days of being served the summons and complaint.

### I.   DEFENDANT HAS FAILED TO SERVE AN ANSWER OR REQUEST ADDITIONAL TIME TO ANSWER PLAINTIFF'S COMPLAINT

Plaintiff, Sandra Kimelman, through counsel, served a complaint which was filed on July 6, 2017 and served on PHH Mortgage Corporation (hereinafter "PHH") on July 24, 2017. PHH is a New Jersey corporation registered to do business in the State of New York whose registered agent for service of process on behalf of PHH is Corporation Service Company.

PHH, despite being properly served, has not answered nor requested more time to answer the complaint which should have been received by Plaintiff no later than August 23, 2017. Plaintiff has, to date, failed to answer and/or request an extension of time to answer.



*Members*
Darren Aronow† €ʊ □
_____
*Associates*
Hanin Shadood †
Daniel McCarthy †

*Of Counsel*
Brian Flick ○

# Aronow Law P.C.

20 Crossways Park Drive North, Suite 210
Woodbury, New York 11797
Tel- 516 762 6700 Fax 516 342-5365

*Admitted In*:
New York†
New Jersey €
Ohio○
Illinois◊
Pennsylvania □
Virginia ʊ̃

II.     **PLAINTIFF CAN DEMOSTRATE THAT IT CAN SHOW PRIMA FACIE ENTITLEMENT TO A DEFAULT JUDGMENT AGAINST DEFENDANT, PHH**

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." **Coated FabricsCo. v. Mirle Corp**., 06-CV-5415, 2008 WL 163598 at *4 (E.D.N.Y. Jan. 16, 2008); *see* **John Hancock Life Ins. Co. v. Perchikov**, 04-CV-98 (NG)(MDG) (E.D.N.Y. Jan. 15, 2010) (noting that ("plaintiff's well-pleaded allegations, together with defendant's failure to appear at all in connection with the case, makes clear that default judgment is appropriate in this case.").

However, Defendants default does not, standing alone, entitle the Plaintiff to a default judgment. *See* **Nickolas v. Boccio** *(In re Boccio),* 281 B.R. 171, 174 (Bankr. E.D.N.Y.2002) (non-defaulting party not entitled to default judgment as a matter of right).

Although "upon a default, the Court generally must take the well-pleaded allegations of a complaint as true," **Trans World Airlines, Inc. v. Hughes**, 449 F.2d 51, 63-64 (2d Cir.1971), *reversed on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973), the Court must still decide whether the Complaint alleges "a legitimate cause of action, since a party in default does not admit mere conclusions of law." **Microsoft Corp. v. Computer Care Ctr., Inc.**, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *6 (E.D.N.Y. Sept. 10, 2008).

The plaintiff must demonstrate a prima facie case in order to obtain a default judgment. *See* **Oceanic Trading Corp. v. Vessel Diana**, 423 F.2d 1, 4 (2d Cir.1970). "Put differently, liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the Court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." **Rolls-Royce PLC v. Rolls-Royce USA, Inc.**, 688 F.Supp.2d 150, 153 (E.D.N.Y.2010) (citing **Au Bon Pain Corp. v. Artect, Inc**., 653 F.2d 61, 65 (2d Cir. 1981).

Accordingly, the Court must determine whether the Complaint states a prima facie case for violation of The Real Estate Settlement Practices Act 12 U.S.C. §2601 *et seq.* (hereinafter RESPA) and the regulations promulgated thereunder as Regulation X which was amended and became effective on January 10, 2014 and the Truth in Lending Act (hereinafter "TILA") 15 U.S.C. §1601 *et seq.* and the regulations promulgated thereunder as Regulation Z which was amended and became effective on January 14, 2014.

| | | |
|---|---|---|
| *Members*<br>Darren Aronow† €ῦ □<br>_____<br>*Associates*<br>Hanin Shadood †<br>Daniel McCarthy †<br><br>*Of Counsel*<br>Brian Flick ○ | <br># Aronow Law P.C.<br>20 Crossways Park Drive North, Suite 210<br>Woodbury, New York 11797<br>Tel- 516 762 6700 Fax 516 342-5365 | *Admitted In*:<br>New York†<br>New Jersey €<br>Ohio○<br>Illinois◊<br>Pennsylvania □<br>Virginia ῦ |

This action essentially all stems from the defendant failing to properly credit a payment in 2014.

Since April of 2014 PHH had made copious and numerous mistakes in servicing Plaintiff's mortgage account.

The Plaintiff has presented documents and included salient facts gleaned from those documents which provide more than conclusory statements, including a letter from PHH to the New York State Financial Services Department in April of 2014 (after the effective date of Regulation X) admitting that PHH erroneously deemed a repayment Plan broken even though plaintiff was properly paying back a shortfall of just $650.00.

Additionally, PHH added the cost of forced place insurance to the Plaintiff's escrow payments despite the fact that Plaintiff demonstrated unequivocally that she had paid for a valid and acceptable homeowner's insurance policy, proof of insurance having been sent to PHH every year in a timely fashion.

Aside from the many violations of RESPA which are all pled with specificity in the eleven count complaint, Plaintiff has suffered actual damages in the form of attorney fees to defend a foreclosure action that should never have been instituted.

Additionally, Plaintiff was forced to take a loan modification to save her home from foreclosure which include a host of erroneous fees including a negative escrow balance, which shows that the bank was paying the real estate taxes despite incontrovertible proof from the County Tax Records showing that Plaintiff paid the taxes that PHH claims they made and included in the negative escrow balance that has been recapitalized into Plaintiff's modified mortgage amount.

For all of the foregoing reasons, Plaintiff hereby requests a pre-motion conference seeking permission to make a motion for default.

Should you have need of any further information or if her Honor has any questions, please feel free to contact the undersigned at any time.

Respectfully submitted

**/s/ Darren Aronow**

Darren Aronow, Esq.

NEW YORK ◊ NEW JERSEY ◊ PENNSYLVANIA ◊VIRGINIA ◊ MARYLAND ◊ WASHINGTON, D.C.
TEXAS ◊ MASSACHUSSETS ◊ OHIO ◊ ILLINOIS