**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------X
                                                     :
Sandra Kimelman,                                     :
                                                     :  Case No. 17-3977
               Plaintiff,                            :
                                                     :
        vs.                                          :      ANSWER AND AFFIRMATIVE
                                                     :              DEFENSES
PHH Mortgage Corporation,                            :
                                                     :
               Defendant.                            :
                                                     :
-------------------------------------------------------------X
```

Defendant, PHH Mortgage Corporation ("PHH Mortgage"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 12(a), hereby serves its Answer and Affirmative Defenses to Plaintiff Sandra Kimelman's Complaint (the "Complaint," ECF No. 4).

**The Parties**

1.      Without knowledge as to the allegations in Paragraph 1 of the Complaint, and thus, denied.

2.      Admitted as to the allegations in Paragraph 2 of the Complaint.

3.      Admitted as to the allegations in Paragraph 3 of the Complaint.

4.      The allegations in Paragraph 4 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 of the Complaint constitutes a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 6.

## **INTRODUCTION**

7.      PHH reasserts its responses to Paragraphs 1 through 6 as if fully set forth herein.

8.      Without knowledge as to the allegations in Paragraph 8 of the Complaint, and thus, denied.

9.      Without knowledge as to the allegations in Paragraph 9 of the Complaint, and thus, denied.

10.      Admitted only that in February 2014, PHH reviewed Plaintiff's application for financial assistance and approved Plaintiff for a six month repayment plan to cure Plaintiff's one payment delinquency.  Otherwise, denied as phrased.

11.      Denied as to the allegations in Paragraph 11 of the Complaint.

12.      Admitted only that PHH serviced Plaintiff's mortgage loan.  The remaining allegations in paragraph 12 of the Complaint constitute legal conclusions to which no response is required.  To the extent a further response is required, PHH denies the allegations in Paragraph 6.

13.      Denied as to the allegations in Paragraph 13 of the Complaint.

14.      Without knowledge as to the allegations in Paragraph 14 of the Complaint, and thus, denied.

15.      Without knowledge as to the allegations in Paragraph 15 of the Complaint, and thus, denied.

16.     The allegations in Paragraph 16 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 17.

18.     Admitted that Plaintiff purports to seek claims under Regulation X.  Denied as to the merits of Plaintiff's claims.

19.     The allegations in Paragraph 19 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 19.

**OPERATIVE FACTS FOR
COUNTS ONE TO SEVEN**

20.     PHH reasserts its responses to Paragraphs 1 through 19 as if fully set forth herein.

21.     Admitted only that in February 2014, PHH reviewed Plaintiff's application for financial assistance and approved Plaintiff for a six month repayment plan to cure Plaintiff's one payment delinquency.   The repayment plan required Plaintiff to make six payments totaling $11,043.97 or five payments of $1,840.66 and one payment of $1,840.67.  The repayment period was from March 25, 2014 through August 25, 2014.  Notwithstanding the foregoing, an escrow shortage of $25,818.81 remained on the account due to lender advanced taxes and thus, additional funds were required to cure the delinquency.  The remaining allegations of Paragraph 21 are denied.

22.     Admitted.  By way of further reply, see response to Paragraph 21.

23.     Without knowledge as to the allegations in Paragraph 23 of the Complaint, and thus, denied.  By way of further reply, see response to Paragraph 21.

24.     "Exhibit A" speaks for itself and thus, denied as to the allegations in Paragraph 31 of the Complaint.

25.     Denied as to the allegations in Paragraph 25 of the Complaint.

26.     Denied as to the allegations in Paragraph 26 of the Complaint.

27.     Denied as to the allegations in Paragraph 27 of the Complaint.

28.     Denied as to the allegations in Paragraph 28 of the Complaint.

29.     "Exhibit D" and the tracking number speak for themselves and thus, denied as to the allegations in Paragraph 29 of the Complaint.  PHH further denies any incorrect charges under the account.

30.     "Exhibit D" speaks for itself and thus, denied as to the allegations in Paragraph 30 of the Complaint.  PHH further denies any incorrect charges under the account.

31.     "Exhibit C" speaks for itself and thus, denied as to the allegations in Paragraph 31 of the Complaint.

32.     "Exhibit D" speaks for itself and thus, denied as to the allegations in Paragraph 32 of the Complaint.

33.     "Exhibit D" speaks for itself and thus, denied as to the allegations in Paragraph 33 of the Complaint.

34.     "Exhibit E" speaks for itself and thus, denied as to the allegations in Paragraph 34 of the Complaint.

35.     "Exhibit F" speaks for itself and thus, denied as to the allegations in Paragraph 35 of the Complaint.

36.     Denied as to to the allegations that PHH's actions were "erroneous."  Without knowledge as to the remainder of the allegations in paragraph 36 and therefore denied.

37.     Denied as to the allegations in Paragraph 37 of the Complaint.

38.     "Exhibit G" speaks for itself and thus, denied as to the allegations in Paragraph 38 of the Complaint.

39.     "Exhibit H" speaks for itself and thus, denied as to the allegations in Paragraph 39 of the Complaint.

40.     Denied as to the allegations in Paragraph 40 of the Complaint.

41.     Without knowledge as to the allegations in Paragraph 41 of the Complaint, and thus, denied.

42.     Denied as to the allegations in Paragraph 42 of the Complaint.  Further, Exhibit J speaks for itself.

43.     Denied as to the allegations in Paragraph 43 of the Complaint.

44.     Denied as to the allegations in Paragraph 44 of the Complaint.

45.     Denied as to the allegations in Paragraph 45 of the Complaint.

46.     Denied as to the allegations in Paragraph 46 of the Complaint.

47.     Denied as to the allegations in Paragraph 47 of the Complaint.

48.     Denied as to the allegations in Paragraph 48 of the Complaint.

49.     Denied as to the allegations in Paragraph 49 of the Complaint.

50.     Denied as to the allegations in Paragraph 50 of the Complaint.

**COUNT ONE: MULTIPLE VIOLATIONS OF 12 C.F.R. § 1024.37(B)**

51.     PHH reasserts its responses to Paragraphs 1 through 50 as if fully set forth herein.

52.     The allegations in Paragraph 52 of the Complaint reference the statute which speaks for itself whereby no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 52.

53.     The allegations in Paragraph 52 of the Complaint reference the statute which speaks for itself whereby no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 52.

54.     The allegations in Paragraph 54 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 56.

57.     Denied as to the allegations in Paragraph 57 of the Complaint.

58.     Denied as to the allegations in Paragraph 58 of the Complaint.

59.     Denied as to the allegations in Paragraph 59 of the Complaint.

60.     Denied as to the allegations in Paragraph 60 of the Complaint.

**COUNT TWO: VIOLATIONS OF 12 C.F.R. § 1024.34(a) AND 12 C.F.R. § 1024.17**

61.     PHH reasserts its responses to Paragraphs 1 through 60 as if fully set forth herein.

62.     The allegations in Paragraph 62 of the Complaint refers to the statute which

speaks for itself to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 62.

63.    The allegations in Paragraph 63 of the Complaint refers to the statute which speaks for itself to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 63.

64.    Denied as to the allegations in Paragraph 64 of the Complaint.

65.    Denied as to the allegations in Paragraph 65 of the Complaint.

66.    Denied as to the allegations in Paragraph 66 of the Complaint.

67.    Denied as to the allegations in Paragraph 67 of the Complaint.

## COUNT THREE: MULTIPLE VIOLATIONS OF 12 C.F.R. § 1024.35

68.    PHH reasserts its responses to paragraphs 1 through 67, as if fully set forth herein.

69.    The allegations in Paragraph 69 of the Complaint refer to the statute which speaks for itself to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 69.

70.    The allegations in Paragraph 70 of the Complaint refer to the statute and comments which speak for themselves to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 70.

71.    The allegations in Paragraph 71of the Complaint refer to the statute which speaks for itself to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 71.

72.    The allegations in Paragraph 72 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 72.

73.     Denied as to the allegations in Paragraph 73 of the Complaint.

74.     "Exhibit B" speaks for itself and thus, denied as to the allegations in Paragraph 74 of the Complaint.  Otherwise, denied.

75.     Denied as to the allegations in Paragraph 75 of the Complaint.

76.     "Exhibit D" speaks for itself and thus, denied as to the allegations in Paragraph 76 of the Complaint.

77.     "Exhibit D" speaks for itself and thus, denied as to the allegations in Paragraph 77 of the Complaint.

78.     Denied as to the allegations in Paragraph 78 of the Complaint.

79.     Denied as to the allegations in Paragraph 79 of the Complaint.

80.     Denied as to the allegations in Paragraph 80 of the Complaint.

81.     Denied as to the allegations in Paragraph 81 of the Complaint.

**COUNT FOUR: AGAINST PHH VIOLATION OF 12 C.F.R. § 1024.35(b)(2)**

82.     PHH reasserts its responses to paragraphs 1 through 81, as if fully set forth herein.

83.     The allegations in Paragraph 83 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 83.

84.     Denied as to the allegations in Paragraph 84 of the Complaint.

85.     Denied as to the allegations in Paragraph 85 of the Complaint.

86.     Denied as to the allegations in Paragraph 86 of the Complaint.

87.     Denied as to the allegations in Paragraph 87 of the Complaint.

88.     Denied as to the allegations in Paragraph 88 of the Complaint.

89.     Denied as to the allegations in Paragraph 89 of the Complaint.

90.    Denied as to the allegations in Paragraph 90 of the Complaint.

91.    Denied as to the allegations in Paragraph 91 of the Complaint.

92.    Denied as to the allegations in Paragraph 92 of the Complaint.

93.    Denied as to the allegations in Paragraph 93 of the Complaint.

**COUNT FIVE: VIOLATIONS OF 12 C.F.R. § 1024.36( c)(1)(i)**

94.    PHH reasserts its responses to paragraphs 1 through 93, as if fully set forth herein.

95.    The allegations in Paragraph 95 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 95.

96.    Denied as to the allegations in Paragraph 96 of the Complaint.

97.    Denied as to the allegations in Paragraph 97 of the Complaint.

98.    Denied as to the allegations in Paragraph 98 of the Complaint.

99.    Denied as to the allegations in Paragraph 99 of the Complaint.

100.    Denied as to the allegations in Paragraph 100 of the Complaint.

101.    Denied as to the allegations in Paragraph 101 of the Complaint.

102.    Denied as to the allegations in Paragraph 102 of the Complaint.

103.    Denied as to the allegations in Paragraph 103 of the Complaint.

**COUNT SIX: AGAINST PHH VIOLATION OF 12 C.F.R. § 1024.35(b)(3)**

104.    PHH reasserts its responses to paragraphs 1 through 103, as if fully set forth herein.

105.    The allegations in Paragraph 105 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 105.

106.    Denied as to the allegations in Paragraph 106 of the Complaint.

107.    Denied as to the allegations in Paragraph 107 of the Complaint.

108.    Denied as to the allegations in Paragraph 108 of the Complaint.

109.    Denied as to the allegations in Paragraph 109 of the Complaint.

110.    Denied as to the allegations in Paragraph 110 of the Complaint.

111.    Denied as to the allegations in Paragraph 111 of the Complaint.

112.    Denied as to the allegations in Paragraph 112 of the Complaint.

113.    Denied as to the allegations in Paragraph 113 of the Complaint.

114.    Denied as to the allegations in Paragraph 114 of the Complaint.

115.    Denied as to the allegations in Paragraph 115 of the Complaint.

## COUNT SEVEN: AGAINST PHH FOR MULTIPLE VIOLATIONS OF 12 C.F.R. § 1024.35(b)(5)

116.    PHH reasserts its responses to paragraphs 1 through 115, as if fully set forth herein.

117.    The allegations in Paragraph 117 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 117.

118.    Denied as to the allegations in Paragraph 118 of the Complaint.

119.    Denied as to the allegations in Paragraph 119 of the Complaint.

120.    Denied as to the allegations in Paragraph 120 of the Complaint.

121.    Denied as to the allegations in Paragraph 121 of the Complaint.

122.    Denied as to the allegations in Paragraph 122 of the Complaint.

123.    Denied as to the allegations in Paragraph 123 of the Complaint.

124.    Denied as to the allegations in Paragraph 124 of the Complaint.

## COUNT EIGHT: AGAINST PHH FOR VIOLATION OF 12 C.F.R. § 1024.35(b)(6)

125.    PHH reasserts its responses to paragraphs 1 through 124, as if fully set forth herein.

126.    The allegations in Paragraph 126 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 126.

127.    Denied as to the allegations in Paragraph 127 of the Complaint.

128.    Denied as to the allegations in Paragraph 128 of the Complaint.

129.    Denied as to the allegations in Paragraph 129 of the Complaint.

130.    Denied as to the allegations in Paragraph 130 of the Complaint.

131.    Denied as to the allegations in Paragraph 131 of the Complaint.

132.    Denied as to the allegations in Paragraph 132 of the Complaint.

133.    Denied as to the allegations in Paragraph 133 of the Complaint.

## COUNT NINE: AGAINST PHH FOR VIOLATION OF 12 C.F.R. § 1024.36(c)(3)

134.    PHH reasserts its responses to paragraphs 1 through 133, as if fully set forth herein.

135.    The allegations in Paragraph 135 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 135.

136.    Denied as to the allegations in Paragraph 136 of the Complaint.

137.    Denied as to the allegations in Paragraph 137 of the Complaint.

138.    Denied as to the allegations in Paragraph 138 of the Complaint.

139.    Denied as to the allegations in Paragraph 139 of the Complaint.

140.    Denied as to the allegations in Paragraph 140 of the Complaint.

141.    Denied as to the allegations in Paragraph 141 of the Complaint.

142.    Denied as to the allegations in Paragraph 142 of the Complaint.

**COUNT TEN: BREACH OF CONTRACT**

143.    PHH reasserts its responses to paragraphs 1 through 142, as if fully set forth herein.

144.    Admitted only that in February 2014, PHH reviewed Plaintiff's application for financial assistance and approved Plaintiff for a six month repayment plan to cure Plaintiff's one payment delinquency.   The repayment plan required Plaintiff to make six payments totaling $11,043.97 or five payments of $1,840.66 and one payment of $1,840.67.   The repayment period was from March 25, 2014 through August 25, 2014.   Notwithstanding the foregoing, an escrow shortage of $25,818.81 remained on the account due to lender advanced taxes and thus, additional funds were required to cure the delinquency.   The remaining allegations of Paragraph 144 are denied.

145.    Admitted.  By way of further reply, see response to Paragraph 144.

146.    Without knowledge as to the allegations in Paragraph 146 of the Complaint, and thus, denied.  By way of further reply, see response to Paragraph 144.

147.    Denied as to the allegations in Paragraph 147 of the Complaint.

148.    Denied as to the allegations in Paragraph 148 of the Complaint.

**COUNT ELEVEN: AGAINST PHH FOR VIOLATION(SIC) OF NEW YORK
GENERAL BUSINESS LAW §349**

149.    PHH reasserts its responses to paragraphs 1 through 148, as if fully set forth herein.

150.    The allegations in Paragraph 150 of the Complaint constitute a legal conclusion to which no response is required. To the extent a further response is required, PHH denies the allegations in Paragraph 150.

151.    Denied as to the allegations in Paragraph 151 of the Complaint.

152.    Denied as to the allegations in Paragraph 152 of the Complaint.

153.    Denied as to the allegations in Paragraph 153 of the Complaint.

154.    Denied as to the allegations in Paragraph 154 of the Complaint.

## CONCLUSION

155.    Denied as to the allegations in Paragraph 155 of the Complaint.

156.    Denied as to the allegations in Paragraph 156 of the Complaint.

157.    Defendant denies Plaintiff is entitled to a trial by jury.

Denied as to each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

As its First Defense, PHH states that Plaintiff's claims are barred as she materially breached the subject loan documents by failing to pay the monthly mortgage payments, which included the premium to pay the insurance policy at the Property.

## SECOND DEFENSE

As its Second Defense, PHH states that Plaintiff's claims are barred due to her failure to mitigate her damages.

## THIRD DEFENSE

As its Third Defense, PHH states that any negligent misrepresentation, fraud and breach of fiduciary duty claims Plaintiff may be attempting to allege are barred as the duty giving rise to

these claims springs from the contractual duty to perform allegedly owed by PHH under the loan documents.

## FOURTH DEFENSE

As its Fourth Defense, PHH states that any negligent misrepresentation, fraud and breach of fiduciary duty claims Plaintiff may be attempting to allege are barred as the damages that she seeks to recover are duplicative of the damages in the breach of contract count.

## FIFTH DEFENSE

As its Fifth Defense, PHH states that any negligent misrepresentation and breach of fiduciary duty claim is barred as their relationship was an arm's length, borrower-creditor relationship.

## SIXTH DEFENSE

As its Sixth Defense, PHH states that Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or ratification.

## SEVENTH DEFENSE

As its Seventh Defense, PHH states that Plaintiff's claims are barred as her damages were caused by an intervening or superseding act of a third party.

## EIGHTH DEFENSE

As its Eighth Defense, PHH states that Plaintiff's claims are barred by her failure to join indispensable parties to this action.

## NINTH DEFENSE

As its Ninth Defense, PHH states that Plaintiff's claims are barred by the statute of limitations.

**TENTH DEFENSE**

As its Tenth Defense, PHH states that at all material times it acted in good faith and due diligence to comply with applicable servicing guidelines.

**ELEVENTH DEFENSE**

As its Eleventh Defense, PHH states that the Complaint fails to state a cause of action.

**TWELFTH DEFENSE**

As its Twelfth Defense, to the extent the Court finds Plaintiff is entitled to any monetary amounts, PHH is entitled to a set-off from all sums due and owing by Plaintiff under the applicable loan.

**THIRTEENTH DEFENSE**

As its Thirteenth Defense, PHH states it was permitted to charge Plaintiff for any escrow advances pursuant to the terms of the loan documents.

**RESERVATION OF RIGHTS**

PHH reserves the right to amend and/or supplement its affirmative defenses as the case progresses and further information becomes available.

**WHEREFORE**, PHH requests the Court to dismiss the Complaint in its entirety with prejudice, for its attorneys' fees and costs, along with any such other and further relief that the Court deems just and proper.

Dated: New York, New York         Respectfully submitted,
      December 1, 2017.

                              */s/Adam Hartley*
                              ADAM HARTLEY
                              BALLARD SPAHR LLP
                              919 3rd Avenue
                              New York, NY 10022-3556
                              Telephone: 212.223.0200
                              Facsimile: 212.223.1942
                              *Attorneys for Defendant*

15

## AFFIRMATION OF SERVICE

Adam Hartley, an attorney admitted to practice in the State of New York, affirms under penalty of perjury:

On December 1, 2017, I electronically served the attached **ANSWER AND AFFIRMATIVE DEFENSES** using the CM/ECF system to all parties of record.

*/s/Adam Hartley*
ADAM HARTLEY

16